```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
HARRY WILSON, pro se,                                       :
                                                            :
                            Petitioner,                     :
                                                            :           MEMORANDUM AND ORDER
                 -against-                                  :           ADOPTING REPORT AND
                                                            :           RECOMMENDATION
PHILIP D. HEATH, Superintendent                             :           10-CV-3814 (DLI)(LB)
Sing Sing Correctional Facility,                            :
                                                            :
                            Respondent.                     :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Harry Wilson ("Petitioner") filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Petition, Dkt. Entry No. 1.) Petitioner is currently serving a 25-year prison sentence, having been convicted of Manslaughter in the First Degree under section 125.20[1] of the New York Penal Law, following a jury trial in New York State Supreme Court, Kings County. On December 11, 2012, the Honorable Lois Bloom, United States Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (*See* R&R, Dkt. Entry No. 14.) On February 26, 2013, Petitioner filed objections to the R&R. (*See* Objection, Dkt. Entry No. 16.)[1] For the reasons set forth below, the R&R is adopted in its entirety and the Petition is denied.

---

[1] Petitioner filed a letter requesting, among other things, an extension of time to object to the R&R that was received in chambers on December 21, 2012. (*See* Letter dated December 17, 2012, Dkt. Entry No. 15.) Petitioner's request for an extension of time is granted and the objection is therefore deemed timely.

# BACKGROUND[2]

In 2005, Petitioner was convicted of Manslaughter in the First Degree by a jury in Kings County, New York and sentenced to 25 years in prison. (S. at 16.)[3]

Petitioner appealed his conviction to the Appellate Division, Second Department, of the Supreme Court of the State of New York ("Appellate Division") and argued that: (1) the prosecution failed to prove his guilt beyond a reasonable doubt because he did not share co-defendant's intent to cause serious physical injury; (2) the prosecutor's misconduct during summation and in examining Detective John Hafner denied Petitioner a fair trial; and (3) showing a single photo to a witness was unduly suggestive and the prosecution failed to establish an independent basis for the witness' in-court identification. (Response to Order to Show Cause, Def.-App.'s Br. and *Pro Se* Suppl. Br., Exs. A & C, Dkt. Entry No. 5-1.) On March 11, 2009, the Appellate Division unanimously affirmed Petitioner's conviction. *People v. Wilson*, 49 A.D.3d 673 (2d Dep't 2008). Leave to appeal the Appellate Division's affirmance was denied July 8, 2008. *People v. Wilson*, 10 N.Y.3d 965 (2008), reconsideration denied 11 N.Y.3d 836 (Oct. 30, 2008). Petitioner's writ of error *coram nobis* petition alleging ineffective appellate counsel was also denied. *People v. Wilson*, 68 A.D.3d 1026 (2d Dep't 2009). Leave to appeal the denial of the writ was denied by the New York State Court of Appeals on March 18, 2010. *People v. Wilson*, 14 N.Y.3d 807 (2010), reconsideration denied 15 N.Y.3d 758 (June 10, 2010).

Petitioner timely filed the instant *pro se* petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254(a), setting forth the same three claims as articulated on direct appeal and the

---

[2] Familiarity with the R&R, as well as the procedural history and relevant facts of this case, is assumed. (*See generally* R&R.) Since the R&R provides a thorough recitation of the relevant facts underlying the Petition, the facts will not be repeated herein except as necessary.

[3] "S." refers to the transcript of the sentencing hearing that took place on September 7, 2005.

ineffective assistance of counsel claim as set forth in his petition for writ of error *coram nobis*. (Pet. at 5-11.)

## **DISCUSSION**

When a party objects to a report and recommendation, a district judge must make a *de novo* determination with respect to those portions of the report and recommendation to which the party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

In reviewing Petitioner's submissions, the Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). The Court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis and quotation omitted).

As set forth in the R&R, the magistrate judge found that: (1) Petitioner's insufficiency of the evidence claim should be denied as procedurally barred and, in the alternative, as meritless; (2) Petitioner's claim that his constitutional rights were violated by Anthony Watts' identification should be denied as this Court cannot review whether a state court properly applied state law to determine whether the identification fell within the confirmatory identification exception and, in the alternative, since the identification was independently reliable; (3) Petitioner's prosecutorial misconduct claim should be denied as the statements were not improper and, even if they were, there is a high degree of certainty Petitioner would have been convicted absent the allegedly improper statements; and (4) Petitioner's ineffective assistance of

counsel claim should be denied as appellate counsel exercised reasonable judgment in pursuing Petitioner's appeal.

Petitioner made the following objections to the R&R: (1) the procedural default was the result of attorney error during a stage in which Petitioner was constitutionally entitled to effective assistance of counsel and, therefore, the default should be excused on federal *habeas* review; (2) since there were many inconsistencies in witness testimony that created a reasonable doubt, finding that Petitioner's insufficiency of the evidence claim was meritless was incorrect; (3) an evidentiary hearing was not held on the controverted factual issues related to the procedural default; (4) the evidence presented at the hearing was insufficient to establish that Watts previously was familiar with Petitioner or was immune to suggestion; (5) the prosecutor's comments biased the jury against Petitioner because the prosecutor's comments were not an isolated occurrence; (6) the prosecutor's comments and testimony elicited cannot be considered appropriate because Petitioner's verbal statements were ruled inadmissible at trial; and (7) the insufficiency of counsel.

The Court has reviewed the record, the relevant case law, the R&R, and Petitioner's objections to the R&R. Several of the objections consist of restatements of the arguments raised in the Petition. While restatements of argument previously addressed in a report and recommendation need only be reviewed for clear error, *Zaretsky v. Maxi-Aids, Inc.*, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012), Magistrate Judge Bloom's R&R withstands the more stringent *de novo* review and is adopted in its entirety. It is clear from review of the thorough and well-reasoned R&R that the magistrate judge disposed of each of Petitioner's claims appropriately, supporting the findings with abundant factual and legal support.

## A. Insufficiency of the Evidence

The R&R set forth two reasons upon which to deny Petitioner's claims that his constitutional rights were violated because his manslaughter conviction was based on insufficient evidence: (1) Petitioner's claim was procedurally barred for failure to comply with the contemporaneous objection rule under state law, and Petitioner failed to show requisite cause for the default; and (2) even if Petitioner's claim was not procedurally barred, Petitioner's claim should be denied as without merit, because the state court's decision "was not contrary to or an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1).

First, Petitioner argues that the procedural default was the result of attorney error during a stage that Petitioner was constitutionally entitled to effective assistance of counsel and, therefore, the default should be excused on federal *habeas* review. (Obj. at 2.) The Supreme Court has rejected this argument, finding: "So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984)], we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citing *Coleman v. Thompson*, 501 U.S. 722, 754 (1991)). Furthermore, "it is not the gravity of the attorney's error that matters, but that it constitutes a violation of petitioner's right to counsel, so that the error must be seen as an external factor, i.e., 'imputed to the State.'" *Carrier*, 477 U.S. at 754 (citing *Evitts v. Lucey*, 469 U.S. 387, 396 (1985)).

A petitioner claiming ineffective counsel first must "show that counsel's performance was deficient" and second that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* Both the state appellate court and the magistrate judge found

5

Petitioner's insufficiency of the evidence claim meritless and, therefore, counsel's alleged failure to object specifically and preserve the claim does not constitute ineffective assistance of counsel under *Strickland*. *See Harrington v. U.S.*, 689 F.3d 124, 130 (2d Cir. 2012) (noting one cannot satisfy the prejudice prong of *Strickland* if the challenge itself is meritless).

Second, Petitioner argues that the many inconsistencies in the witness testimony created "reasonable doubt" as to his guilt and, therefore, the magistrate judge should not have found this claim to be meritless. (Obj. at 3.) Petitioner listed the following four alleged inconsistencies in witness testimony elicited at trial: (1) one witness' testimony regarding Knox's wound did not conform to the autopsy results; (2) two witnesses' testimony conflicted as to whether it was Petitioner or Jermaine Cox who stabbed the victim two more times before the other ran off; (3) Alkhadir Anderson testified that, between Cox and the Petitioner, one man was stabbing the victim and the other was punching, but was unsure who was the puncher and who was the stabber; (4) according to Petitioner's written statement, he did not know Cox intended to cause serious physical injury to victim, until Petitioner himself was stabbed. (*Id*. at 3-4.)

At the outset, the magistrate judge properly addressed Petitioner's claims that the witnesses lacked credibility in assessing the merits of his insufficiency of the evidence claims and found such claims insufficient in light of the evidence. (R&R at 11 (citing *Santone v. Fischer*, 689 F. 3d 138, 151 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 390 (2012) ("[W]ere a court to order the vacatur of a guilty verdict based on 'inconsistencies' in the evidence, that decision would evince a 'failure' to 'review the evidence in the light most favorable to the prosecution.'")).) Specifically, the magistrate judge noted that several eyewitnesses testified they saw Petitioner stab the victim and make lunging motions, and an eyewitness testified Petitioner and Cox continued to attack the victim after he was crouching face down in the fetal

6

position. In addition, Watts testified Petitioner showed him a box cutter and told Watts he planned to throw the victim in a car and beat him up for "a couple of hours." (R&R at 10-11.) Therefore, the magistrate judge appropriately found that Petitioner's insufficiency of the evidence claim was meritless, despite Petitioner's claims that some of the testimony was inconsistent.

Moreover, questions of credibility and the reconciliation of any inconsistencies in the testimony of witnesses at trial are matters for the jury to resolve. *See Seow v. Artuz*, 320 Fed. App'x 46, 48 (2d Cir. 2009) (noting "the jury makes credibility determinations"). The court should not substitute its own judgment, after the fact, for that of the twelve jurors who had the opportunity to observe the witnesses demeanor as they testified. *See Nicholson v. Walker*, 100 Fed. App'x 848, 850 (2d Cir. 2004).

Third, Petitioner argues an evidentiary hearing must be held on the controverted factual issues related to the procedural default. (Obj. at 2.)[4] No such hearing is required and Petitioner's request for a hearing is denied. Insufficiency of the evidence claims in *habeas* proceedings are subject to a twice-deferential standard. Neither the state appellate court nor the federal court "is permitted to assess the trial evidence *de novo*, or to conduct an independent factual inquiry, or to draw its own independent conclusions as to guilt or innocence." *Santone v. Fischer*, 689 F. 3d at 156-57.

Accordingly, the magistrate judge appropriately concluded that Petitioner's insufficiency of the evidence claim should be denied as procedurally barred and, in the alternative, as meritless.

---

[4] In requesting a hearing, Petitioner relied on *Scott v. Mullin*, 303 F. 3d 1222, 1229-30 (10th Cir. 2002). In *Scott*, the court found that the failure to release certain *Brady* material was cause to overcome a procedural default. *Scott* does not mention a hearing requirement, nor is it applicable to the instant petition and objections.

7

## B. Improper Identification

The magistrate judge properly found Petitioner's due process rights were not violated when Watts, who identified Petitioner from a single photo before trial, was permitted to identify Petitioner in court. First, whether the identification falls into the category of the "confirmatory identification exception" under New York law is a state law issue that should not be reviewed by this Court. *Lauerey v. Graham*, 596 F. Supp. 2d 743, 768-69 (W.D.N.Y. 2009) ("Whether the challenged photo display . . . qualifies as a confirmatory identification is an issue of state law not relevant to our habeas review."). Second, even assuming that the single photo display was outside of the New York confirmatory identification exception and was impermissibly suggestive, the in-court identification was nevertheless reliable, because the witness' "prior experience with [Petitioner] was a sufficient independent basis to support the reliability of the in-court identification." *Espinal v. Duncan*, 2000 WL 1774960, at *3 (S.D.N.Y. Dec. 4, 2000).

"Where the pretrial identification procedures used with a given witness have been impermissibly suggestive, a later in-court identification by that witness will violate due process unless the in-court identification is shown to have reliability independent of those procedures." *Jarrett v. Headley*, 802 F. 2d 34, 42 (2d Cir. 1986). The Second Circuit has adopted a two-step analysis to determine whether such a violation of due process occurred: (1) a court must first determine whether the identification procedures "unduly and unnecessarily suggested that the Defendant was the perpetrator;" and (2) even if the initial identification was impermissibly suggestive, the admission of the evidence will nevertheless satisfy constitutional standards if the identification was independently reliable. *Brisco v. Ercole*, 565 F. 3d 80, 88 (2d Cir. 2009). The Second Circuit has stated that "[u]nder New York law, a 'confirmatory identification' from a single photograph does not implicate due process concerns." *Wiggins v. Greiner*, 132 Fed.

App'x 861, 865 n.3 (2d Cir. 2005).

Petitioner argues the evidence presented at the hearing was insufficient to establish that Watts was previously familiar with Petitioner or immune to suggestion. Petitioner argues that when a witness does not testify at a suppression hearing involving identification, the trial judge lacks the basis to make a finding as to whether an independent source exists for the witness to make an in-court identification. Specifically, he argues that Watts did not give an alleged nickname until after he was shown the single photograph. (Obj. at 5-6.)

First, Petitioner had sufficient opportunity to litigate the issue of sole improper identification. During the combined *Dunaway*, *Wade*, and *Huntley* hearing, Petitioner cross-examined Detective Hafner about the reliability of the confirmatory identification procedure. The trial court denied Petitioner's motion to suppress the in-court identification and the Appellate Division affirmed on the ground that the single photo display constituted a confirmatory identification. Second, Watts testified during the trial that he knew Petitioner from selling cigarettes in the same area for several months, had spoken with Petitioner, and knew he was married and lived in Coney Island. (Tr. at 197-98.)[5] There is ample evidence indicating that the in-court identification was reliable notwithstanding the prior photographic display.

The magistrate judge appropriately concluded Petitioner's claim that his constitutional rights were violated by Watts' identification should be denied since it would be an impermissible review of a state law decision and, alternatively, the identification was independently reliable.

C.  **Prosecutorial Misconduct**

Petitioner argues that the prosecutor improperly asked the jury to draw negative inferences from Petitioner's invocation of his right to counsel and to remain silent. The magistrate judge found that the prosecutor's statements were not improper because Petitioner

---
[5] "Tr." refers to the transcript of the jury trial held in New York Supreme Court, Kings County.

elected to waive his right to remain silent and they were a fair rebuttal to defense counsel's arguments. Furthermore, even if the statements had been improper, they were not part of a pervasive trial strategy and there is a high degree of certainty Petitioner would have been convicted absent the statements. (R&R 16-17.) Petitioner objects to the magistrate judge's findings, arguing: (1) it is likely the prosecutor's comments biased the jury against Petitioner because the prosecutor's comments were repeated, not an isolated occurrence; and (2) the prosecutor's comments cannot be considered appropriate simply because Petitioner's verbal statements were ruled inadmissible at trial.

The scope of review of prosecutorial misconduct on *habeas* is very limited. The reviewing court must find that "the prosecutor's comments constituted more than mere trial error, and were instead so egregious as to violate the defendant's due process rights." *Tankleff v. Senkowski*, 135 F. 3d 235, 252 (2d Cir. 1998); *see also Donnelly v. DeChristoforo*, 416 U.S. 637, 647-48 (1974); *Floyd v. Meachum,* 907 F. 2d 347, 353 (2d Cir. 1990). Petitioner must show "that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict." *Bentley v. Scully,* 41 F. 3d 818, 823 (2d Cir.1994) (quotation and citation omitted). The Second Circuit has considered as relevant factors "the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements." *Floyd,* 907 F. 2d at 355 (quoting *United States v. Modica,* 663 F. 2d 1173, 1181 (2d Cir. 1981) (internal quotation marks omitted); *accord United States v. Parker,* 903 F. 2d 91, 98 (2d Cir.1990). Petitioner fails to show that he has suffered actual prejudice because of the prosecutor's comments.

First, Petitioner claims that the prosecutor improperly argued on summation that Petitioner omitted facts in his statements recorded by the police because he feared being tripped

up in his lies and asked the jury to draw negative inferences from Petitioner's invocation of his rights to counsel and to remain silent. (Pet. at 8.)[6] In his objection to the R&R, Petitioner argues that *Miranda* is "unclear law concerning silence, that doesn't inform one that if he gives up his right and talk to officers, anything he says and [doesn't] say can be used against him." (Obj. at 7 (emphasis omitted).) However, Petitioner's arguments do not rest on any legal basis. It is true that "the use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving *Miranda* warnings, violate[s] the Due Process Clause of the Fourteenth Amendment." *Doyle v. Ohio*, 426 U.S. 610, 619 (1976). However, "*Doyle* does not apply to cross-examination that merely inquires into prior inconsistent statements. Such questioning makes no unfair use of silence, because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent." *Anderson v. Charles*, 447 U.S. 404, 408 (1980); *see also Fox v. Bezio*, 2011 WL 837158, at * 11 (E.D.N.Y. Mar. 17, 2011) (holding that *Doyle* does not apply where a defendant waives his *Miranda* rights and elects to speak to law enforcement about the offense with which he is charged); *Sierra v. Burge*, 2007 WL 4218926, at * 3 (S.D.N.Y. Nov. 30, 2007) (citing *People v. Savage*, 409 N.E.2d 858, 860 (1980)) (explaining prosecutor's summation was not improper because defendant, after being given his *Miranda* warnings, elected to waive his right to silence by making a voluntary post-arrest statement). Therefore, the magistrate judge correctly concluded that there is no violation of due process with regard to the prosecutorial comments during summation.

---

[6] In her summation, the prosecutor argued that, after Detective Hafner began to document Petitioner's words, Petitioner began to "hold[] back more, give[] less detail, admit[] to things has to, but den[y] everything else that he [could]," (Tr. at 443) because he was lying and afraid to be caught. The prosecutor continued, "[Petitioner] realizes the import of those words, anything you say can be used against you in a court of law. So what does he say? You know what, I don't want to talk about that at all." (*Id.* at 444.) The defense objected, but the trial court agreed that the prosecutor was referring to the statements Petitioner made and permitted the prosecutor to continue her argument that Petitioner changed his story "bit by bit" as "it was being documented." (*Id.* at 444-45.)

Second, Petitioner claims that the prosecutor improperly elicited Detective Hafner's testimony that Petitioner admitted he had been in jail and did not want to go back. However, since the trial court sustained Petitioner's counsel's objection to Hafner's testimony that "[Petitioner] said he's been to jail before and he doesn't want to go back," Petitioner has not suffered actual prejudice because this testimony was not before the jury.

The effect of each instance of prosecutorial misconduct should be judged cumulatively. *Floyd*, 907 F.2d at 357 (2d Cir. 1990) (finding that "[w]hile each instance of prosecutorial misconduct, standing alone, might not justify reversal, the effect of all of them requires it"). In his objection to the magistrate judge's R&R, Petitioner further argues that the prosecutor's alleged misconduct should be deemed to be "a part of a pervasive trial strategy because the peoples witnesses who testified on behalf of the Prosecution all was of criminal bent and prosecutors true purpose of eliciting that testimony from Defective Hafner was to show Petitioner was of a criminal bent as well." (Obj. at 8.) However, Petitioner fails show any concrete instances where the prosecutor repeated similar comments again during the trial. To constitute pervasive trial strategy and egregious conduct that would undermine the certainty of the conviction, a few isolated and brief instances that did not influence the jury's decision are insufficient. *Cf. Floyd*, 907 F.2d at 353, 356 (finding that "repeated and escalating prosecutorial misconduct from initial to closing summation" which included "both inflammatory comments and erroneous statements of law" constituted egregious misconduct).

Therefore, since the state court's decision was not contrary to or an unreasonable application of clearly established federal law, Petitioner's prosecutorial misconduct claim is denied.

## D. Ineffective Assistance of Appellate Counsel

To prevail on an ineffective assistance of counsel claim, Petitioner must show, not only that his counsel's representation was fundamentally defective, but also that, but for the counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 687. *Strickland*'s two-prong test as to ineffective assistance of trial counsel applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right. *Evitts v. Lucey*, 469 U.S. at 396-97 (1985). In *habeas* proceedings, since the *Strickland* standard is the relevant "clearly established Federal law, as determined by the Supreme Court of the United States" in this case, the reviewing court must ensure that it was not unreasonably applied by the Appellate Division. *Aparicio v. Artuz*, 269 F. 3d 78, 95 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(d)(1)).

As to the first prong of the *Strickland* test, the deficient performance prong, *Strickland* created an "objective standard of reasonableness" for the assessment of attorney performance, which means courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and be watchful "to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 688-89. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-691. It is objectively reasonable for appellate counsel to omit ineffective assistance of trial counsel claim on appeal if such a claim is meritless. *See, e.g.*, *Aparicio*, 269 F. 3d at 99 n.10, 100 n.11 (appellate counsel not ineffective for failing to raise meritless claims of trial counsel ineffectiveness); *Fluellen v. Walker*, 2000 WL 684275, at *12

13

(S.D.N.Y. May 25, 2000) ("Since Fluellen's trial counsel was not ineffective, appellate counsel cannot be faulted for choosing not to argue on appeal the ineffective assistance of trial counsel.").

In this case, Petitioner raises an ineffective appellate counsel claim for his counsel's failure to raise an ineffective trial counsel claim.[7] As the magistrate judge discussed in the R&R, since the ineffective trial counsel claim is meritless, Petitioner cannot succeed in his ineffective appellate counsel claim. In his objection to the R&R, Petitioner further argues that trial counsel's request for a lesser included offense and failure to properly preserve objections during trial should be deemed to be a result of "neglect and inattentiveness," which cannot be attributable to a strategic decision. (Obj. at 8-9.) However, contrary to his argument, there is no showing in this case that his trial counsel's decision was objectively unreasonable due to counsel's failure to conduct "a thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690-691. First, counsel's decision to request a lesser included offense to permit the jury to acquit petitioner of murder is entitled to deference as a strategic decision, as it may render favorable results to Petitioner. Second, it is also objectively reasonable for trial counsel not to raise the objections that Petitioner argues counsel could have raised, as those objections were meritless.[8]

---

[7] As the instant *habeas* petition does not specify the grounds on which trial counsel was allegedly ineffective, we refer to the writ of error *coram nobis*, which asserted that the trial counsel was ineffective for requesting a lesser included offense of First Degree Manslaughter and failing to (a) raise a specific objection when Detective Hafner testified that Petitioner had been in jail before and did not want to go back, (b) make a constitutional argument when the prosecutor referred to Petitioner's post-Miranda silence, (c) argue that the state failed to prove intent to cause serious physical injury, and (d) respond to a jury note by asking the court to explain "accessory to the fact." (Response to Order to Show Cause, Wilson Aff. and Mot. for Writ of Error *Coram Nobis* at 10, 12, 14, 16, Ex. E., Dkt. Entry No. 5-2.)

[8] As set forth in the R&R, all of the Petitioner's specific contentions as to his trial counsel's failure to preserve objections during trial are meritless. First, contrary to Petitioner's contention in the *carom nobis* proceeding, the trial counsel did object to Detective Hafner's testimony and the objection was sustained. Second, his trial counsel did make a constitutional argument regarding Petitioner's post-*Miranda* silence, and the prosecutor's comments on Petitioner's omission after he chose to speak about the offense do not constitute prosecutorial misconduct. Third,

As to the second prong of the *Strickland* test, the prejudice prong, Petitioner must show that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Since the Court has concluded that the performance of appellate counsel did not fall below an objectively reasonable standard, there is no need to further discuss the prejudice prong.

Therefore, the magistrate judge correctly concluded that Petitioner's ineffective assistance of appellate counsel claim should be denied, as the state court's decision was not contrary to or an unreasonable application of the *Strickland* test.

Again, the magistrate judge appropriately applied well settled legal principles in reaching her conclusions and recommendations. Accordingly, the Court hereby adopts the R&R in its entirety.

---

although trial counsel failed to specifically object and preserve the argument that the state failed to prove intent to cause serious physical injury, this claim is without merit. Finally, although a jury note requested a re-reading of the "acting in concert and accessory to the fact" charge, there was no "accessory to the fact" instruction. (Tr. 459-61, 477.)

## **CONCLUSION**

For the reasons discussed above, the thorough and well reasoned Report and Recommendation issued on December 11, 2012 by the Honorable Lois Bloom, U.S. Magistrate Judge, is hereby adopted in its entirety. Accordingly, the petition for *habeas corpus* relief pursuant to 28 U.S.C. §2254 is denied. Petitioner also is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2013

                                              /s/
                                      DORA L. IRIZARRY
                                    United States District Judge